# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MARGARETA DAWSON, et. al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | |
| ] | CV-14-BE-1894-E |
| **LOUISE KING SMITH,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |

### MEMORANDUM OPINION

This matter is before the court on Defendant's "Motion for Partial Summary Judgment," requesting the court to enter summary judgment in her favor as to the Plaintiffs' claims for wantonness and willfulness and for punitive damages. (Doc. 23). The court ordered the Plaintiffs to show cause in writing by October 26, 2015 why the court should not grant that motion (doc. 30), but the Plaintiffs did not respond by the deadline. For the reasons stated in this Memorandum Opinion, the court FINDS that the motion is due to be GRANTED.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith filed the motion for partial summary judgment on October 2, 2015. (Doc. 23). The Initial Order (doc. 9, at 9) and Scheduling Order (doc. 13, at 5) referred the parties to Appendix II as governing motions for summary judgment and advised the parties that motions for summary judgment must comply with Appendix II requirements. Appendix II, attached to the Initial Order, states: "*All material facts set forth in the statement required of the moving party*

1

*will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment."* (Doc. 9. at 17).  The Plaintiffs did not respond to the motion for partial summary judgment.  Accordingly, the undisputed facts stated below include the facts listed in Defendant Smith's brief that the Plaintiffs failed to dispute.

On October 6, 2014, the Plaintiffs—Margareta Dawson, Lestell Dawson, and Leonard Rhoads—filed this lawsuit based on an automobile accident that occurred in April of 2014 in Cleburne County, Alabama.  Louise King Smith was operating a black Jeep Liberty in the right-hand lane westbound on Interstate 20 when she observed a large, blue recycling bin or storage "tub" in the left-hand lane of traffic.  About the same time as Smith saw the storage bin, a light-colored car, traveling in the left-hand lane beside her, swerved into her lane of travel, cutting her off.  Smith moved her vehicle onto the emergency shoulder, took her foot off the accelerator, and before she could apply her brakes, she struck the rear of a Lincoln Towncar stopped on the emergency shoulder.  Margareta Dawson and Leonard Rhoads were inside the Towncar at the time of the accident.  Smith never saw the Lincoln Towncar until the point of impact; prior to the accident, she was traveling with the flow of traffic,  paying attention to stay in her own lane, and maintaining a safe distance between other cars.  Smith was not distracted, was not using a cell phone, and never attempted to pass another vehicle by traveling on the emergency shoulder.  Neither Margareta Dawson nor Rhoads observed Smith's vehicle before the accident.

A non-party witness, Luke Kelly, was also driving westbound on Interstate 20 immediately in front of Smith. Kelly testified that he was traveling at 70-72 miles per hour, with the flow of traffic, and that Smith's black Jeep Liberty would have been traveling at the same speed with the flow of traffic.  Kelly confirms that he observed a blue storage bin in the left-hand

lane of the Interstate immediately before the accident in question, and that a white vehicle traveling beside him in the left-hand lane swerved to avoid contact with the bin and almost hit Kelly's vehicle. The white vehicle continued without stopping. Kelly swerved onto the far right shoulder to avoid the white vehicle, saw the Towncar stopped there, and almost hit it, but swerved back to the Interstate travel lane. Kelly did not have an opportunity to put on his brakes and could not have stopped his vehicle in time to prevent hitting the Towncar. Kelly further stated that he never observed the black Jeep Liberty pass him and he does not recall ever passing it.

The Plaintiffs assert the following claims against Smith: Count I—Negligent/Wanton Conduct; Count II—*Prima Facie* and/or *Per se* Negligent Conduct; and Count III–Loss of Consortium. They ask not only for compensatory damages but also punitive damages. In paragraph 7 of the Complaint, the Plaintiffs also claim that Defendant "willfully" operated her vehicle at the time of the accident. (Doc. 1, at 3, ¶ 7).

## II. LEGAL STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Substantive law determines which facts are material and which are irrelevant. *Id*. at 248. In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). "The non-moving party need not present evidence in a form admissible at trial; however, he may not merely rest on his pleadings." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)

(citing *Celotex,* 477 U.S. at 324).  If he does merely rest on his pleadings, or if the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party.  *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988).  All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  *Graham*, 193 F.3d at 1282.  The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.*  The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255.  After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

### III.  DISCUSSION

Smith argues in her motion that no evidence, must less substantial evidence, exists to support the Plaintiffs' allegations that she acted willfully and/or wantonly in the operation of her vehicle on April 20, 2014, and that her actions do not support a claim for punitive damages.

The Alabama Code defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others."  Ala. Code § 6-11-20(b)(3) (1975).  The Supreme Court of Alabama has defined wantonness as "'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from

5

doing or omitting to do an act, injury will likely or probably result.'" *Ex parte Capstone Bldg. Corp.,* 96 So. 3d 77, 84 (Ala. 2012) (quoting with approval *Bozeman v. Central Bank of the South,* 646 So. 2d 601, 603 (Ala. 1994)).  The Alabama Supreme Court also explained that "'[w]antonness is not merely a higher degree of culpability than negligence' and that negligence and wantonness 'are qualitatively different tort concepts.'" *Ex parte Capstone,* 96 So. 3d at 85 (quoting with approval *Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc.,* 510 So. 2d 142, 145 (Ala. 1987)).

Because the Plaintiffs also assert that Smith acted willfully, the court also considers the Supreme Court of Alabama's definition of "willfulness": "To constitute willful or intentional injury there must be knowledge of the danger accompanied with a design or purpose to inflict injury." *Ex parte Capstone,* 96 So. 3d at 84 (quoting with approval *Alabama G.S.R. Co. v. Moorer,* 22 So. 900 (1897)).

The court agrees with Smith that the undisputed facts cannot, as a matter of law, support a finding of wantonness or willfulness.  Rather, the facts reflect that, at the time of the accident, Smith was reacting to the white car swerving into her lane of traffic, and when Smith herself swerved onto the emergency shoulder to get out of the white car's way, she hit the Towncar.  A third-party witness confirms Smith's version of the events, and the Plaintiffs Margareta Dawson and Leonard Rhoads acknowledge that they did not see Smith's car before the impact, so the Plaintiffs cannot testify about the events leading up to the impact or how she was operating her jeep.  No evidence reflects that, at or immediately before the accident, Smith was engaging in risky behavior such as passing on the shoulder, texting, or going faster than the flow of traffic. Given the undisputed facts—the circumstances and timing of the events leading up to the

accident, and the fact that Smith did not see the Towncar before the point of impact—she could not have had the degree of consciousness that injury was likely to result as required to establish wantonness, and she could not have possessed the knowledge of the danger coupled with a design or purpose to inflict injury as required to establish willfulness.

Accordingly, the court FINDS that the motion for partial summary judgment is due to be GRANTED.  The court will ENTER SUMMARY JUDGMENT in favor of Smith and against the Plaintiffs as to any claims asserting that her conduct was wanton and/or willful. In light of that ruling, the court WILL STRIKE her claims for punitive damages based on allegations of wanton and/or willful conduct.

Dated this 24th day of November, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE